UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND AND LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, ET. AL., | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) No. 11 CV 1803 |
| v. | ) |
| ACES ENVIRONMENTAL, CORP., ET. AL., | ) Senior U. S. District Court Judge<br>) George W. Lindberg |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen, Administrator of the Funds, bring a three count complaint against defendants, Aces Environmental, Corp. ("Environmental"), Aces Environmental Consulting Corp. ("Consulting"), Aces Demolition Corporation ("Demolition"), Bonnie Coyne and Daniel Coyne, alleging claims for defaulting on an installment note and to impose liability for a previously entered money judgment against Demolition (Count I); failure to submit benefit contributions against all defendants (Count II); and failure to submit dues against all defendants (Count III). Defendants have moved to dismiss Count I of plaintiffs' complaint for lack of subject matter jurisdiction.

In considering a motion to dismiss under Rule 12(b)(1), a court accepts all well-pleaded facts alleged in the complaint, and draws all reasonable inferences from the facts in the plaintiffs' favor. See St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625

(7th Cir. 2007). A court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (*quoting* *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). "The general rule . . . is that absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute." *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 70-71 (1992).

This Court will first consider whether it has original jurisdiction over Count I's claims for defaulting on an installment note and to impose liability for a previously entered money judgment against Demolition. Plaintiff alleges that this court has subject matter jurisdiction because defendant Demolition is an alter ego and/or single employer of defendants, Environmental and Consulting.

As to the claim for defaulting on an installment note, that claim is based on a breach of contract. A breach of contract claim is a state law claim over which this court does not have original jurisdiction.

As to the claim against Demolition for liability on a previously entered money judgment, defendants counter plaintiffs' assertion that subject matter jurisdiction exists by citing *Thomas v. Peacock*, 516 U.S. 349 (1996), where the Supreme Court rejected plaintiff's argument that ERISA provided a jurisdictional basis for his piercing the corporate veil claim. The Supreme Court held that ERISA did not provide subject matter jurisdiction, as nothing in ERISA provided

11 CV 1803

for imposing liability for an existing ERISA judgment against a third party. Peacock, 516 U.S. at 353. Likewise, in this case plaintiff seeks to impose liability against a third party for an existing ERISA judgment, albeit on alter ego and single employer theories. ERISA provides no basis for such liability, so this court does not have subject matter jurisdiction over Count I. Ultimately, it is irrelevant whether or not Demolition is an alter ego or a single employer of Environmental and Consulting, since any claim under Count I is a state law claim.

Plaintiffs argue this Court should exercise supplemental jurisdiction over the claims in Count I pursuant to 28 U.S.C. § 1367 based on the claims in Counts II and III. "Although the district court may not exercise jurisdiction absent a statutory basis, it is well established—in certain classes of cases—that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005) *citing* United Mine Workers of Amercia v. Gibbs, 383 U.S. 715, 725 (1966). Count I concerns ERISA contributions for the period of January 2005 through July 2009. Counts II and III concerns ERISA contributions for the period of September 2010 forward. Therefore, Count I is not part of the same case or controversy as Counts II and III. Plaintiffs argue that judicial economy would be served if the court exercised jurisdiction over Count I. However, judicial economy is not of itself a sufficient basis for the exercise of supplemental jurisdiction. Plaintiffs' assertion that defendants have already answered Counts II and III is not accurate, as the Court has entered an order striking defendants' answer to plaintiffs' Complaint, and is in any event a non sequitur. Thus, this Court will not exercise supplemental jurisdiction over Count I.

11 CV 1803

ORDERED: Defendants' motion to dismiss [19] is granted. Count I of the complaint is dismissed.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

Dated: November 29, 2011